## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

ALLEN E. ROTE,

                                                        Plaintiff,

-vs-

                                                        **DECISION AND ORDER**
                                                        06-CV-6233-CJS

LINDA S. MCMAHON, Acting[1] Commissioner of
Social Security,

                                                        Defendant.

---

### APPEARANCES

For the Plaintiff:                      Jonathan P. Foster, Esq.
                                               407 South Main Street
                                             Athens, PA 18810
                                             (570) 888-1529

For the Commissioner:            Terrance P. Flynn
                                             United States Attorney for the Western District
                                             of New York
                                             By: Brian McCarthy, Assistant United States
                                             Attorney
                                             100 State Street
                                             Rochester, NY 14614
                                             (585) 263-6760 x2233

---

[1] Ms. McMahon became Acting Commissioner of Social Security on January 22, 2007. *See* "Who is the Commissioner of the Social Security Administration?" *available at* http://ssa.gov (Questions about Social Security) *last accessed* Jan. 24, 2007. The Court substitutes Ms. McMahon pursuant to Federal Rule of Civil Procedure 25(d).

## INTRODUCTION

**Siragusa, J.** This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") who denied plaintiff's application for Supplemental Security Disability Insurance benefits ("SSI"). Now before the Court is plaintiff's motion (# 8) for judgment on the pleadings and the Commissioner's cross-motion (# 9) seeking the same relief. For the reasons stated below, the Commissioner's decision denying benefits is granted, and plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed an application for SSI on April 25, 2002. (Record at 72-74). The application was denied, (Record at 28-31), following which plaintiff requested a hearing by an Administrative Law Judge ("ALJ") (Record at 9.) At the April 12, 2004, hearing, plaintiff who was represented by his attorney, appeared and presented testimony. (Record at 450-512.) An additional hearing was held on August 15, 2005, in order to review documents from treating sources and obtain vocational expert testimony. (Record at 436-49.) On April 29, 2004, the ALJ found that plaintiff was not disabled. (Record at 11-25.) On March 6, 2006, the Appeals Council denied plaintiff's request for review, thereby making The ALJ's decision the final decision of the Commissioner.

On the basis of the hearings and the medical record, the ALJ found that although plaintiff suffered from a number of medical conditions, he did not have a disability as defined by 42 U.S.C. § 423(d) or 20 C.F.R. 404.1501 *et seq*. (1994) (listing specific impairments that constitute a disability under the Social Security Act), nor did he suffer from any condition or combination of conditions that were equivalent or more severe than

any of the listed impairments that constitute a disability. Plaintiff's request for review of the ALJ's decision to the Social Security Appeals Board was denied (Record at 6), and on May 8, 2006, plaintiff filed this action.

## STANDARDS OF LAW

*The Standard for Finding a Disability*

For purposes of the Social Security Act, disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). However, a claimant shall not be considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

The Social Security Administration ("SSA") has promulgated regulations which establish a five-step sequential analysis an ALJ must follow: First, the SSA considers whether the claimant is currently engaged in substantial gainful employment. If not, then the SSA considers whether the claimant has a "severe impairment" that significantly limits the "ability to do basic work activities." If the claimant does suffer such an impairment, then the SSA determines whether this impairment is one of those listed in Appendix 1 of the regulations. If the claimant's impairment is one of those listed, the SSA will presume the claimant to be disabled. If the impairment is not so listed, then the SSA must determine whether the claimant possesses the "residual functional capacity" to perform his or her past

relevant work. Finally, if the claimant is unable to perform his or her past relevant work, then the burden shifts to the SSA to prove that the claimant is capable of performing" any other work." *Schaal*, 134 F.3d at 501(citations and internal quotation marks omitted). Plaintiff bears the burden of proof for steps one through four. The burden of proof shifts to the Commissioner for the fifth step. *See DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir.1998); *Colon v. Apfel*, No. 98 Civ. 4732 (HB), 2000 WL 282898, *3 (S.D.N.Y., Mar. 15, 2000).

### *The Standard of Review*

The statute provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal*, 134 F.3d at 501. Substantial evidence is more than a mere scintilla. It is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401(1971) (quotation omitted).

Where there are gaps in the administrative record or where the Commissioner has applied an incorrect legal standard, remand for further development of the record may be appropriate. *Parker*, 626 F.2d at 235. However, where the record provides persuasive proof of disability and a remand would serve no useful purpose, the Court may reverse and remand for calculation and payment of benefits. *Id*.

Federal courts are not empowered to review the Commissioner's denial of disability benefits *de novo*. *See Williams v. Callahan*, 30 F. Supp. 2d 588, 592 (E.D.N.Y. 1998); *Fishburn v. Sullivan*, 802 F. Supp. 1018, 1023 (S.D.N.Y. 1992). The scope of review involves first the determination of whether the ALJ applied the correct legal standards, and second, whether the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Although district court is not bound by the Commissioner's conclusions and inferences of law, the ALJ's findings and inferences of fact are entitled to judicial deference. *Grubb v. Chater*, 992 F. Supp. 634, 637 (E.D.N.Y. 1998). Absent legal error, the Commissioner's finding that a claimant is not disabled is conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Filocomo v. Chater*, 944 F. Supp. 165, 168 (E.D.N.Y. 1996).

**ANALYSIS**

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. Specifically, the ALJ found that while plaintiff suffered from post traumatic stress disorder, alcohol abuse, cannabis abuse in remission, history of fibromyalgia, and cervical syndrome, none of these conditions, either individually or combined, constituted an impairment or impairments under 20 C.F.R. 404.1501 *et seq*. (Record at 24.) The ALJ discounted plaintiff's subjective complaints of pain, as well as the opinions of treating and consulting physicians, who opined that plaintiff was disabled, and found that he could perform a wide range of "sedentary" work, under the Social Security Regulations. (Record at 24.) The ALJ found that plaintiff had the residual functional capacity to perform the physical exertion requirements of work and that he could

lift or carry 20 pounds occasionally, and lift or carry 10 pounds frequently (Record at 22.) The ALJ further found the following: that plaintiff could stand or walk less than two hours in an eight-hour work day; that he could sit without limitation; that he had the same limitations in pushing and pulling with his upper and lower extremities as shown for lifting and carrying; that he could frequently climb and occasionally balance; that he could kneel, crouch, and stoop with some limitations in frequent reaching in all directions; that he could handle and feel, "with some limitations in working in extremes of temperature, around hazardous conditions, and in humidity and wetness." (Record at 22.) In addition, he determined that plaintiff was only slightly limited in his ability to understand, remember and carry out short, simple and detailed instructions, make judgments on simple work-related decisions, interact with the public, supervisors and co-workers, respond appropriately to work pressures in a usual working setting, and respond appropriately to changes in a routine work setting. (Record at 22.)

The ALJ discounted the opinion of Carlos F. Delos-Reyes, M.D., plaintiff's treating psychiatrist, expressed in the doctor's February 17, 2005, report. In that report, Dr. Delos-Reyes indicated that plaintiff was *markedly*[2] impaired in his ability: to remember detailed instructions; to deal with the general public; to function independently on a job; to complete a normal workday; to concentrate and attend to a task over an eight-hour period; to perform routine tasks on a regular and reliable basis without frequent absences; to perform routine tasks on a sustained basis over an eight-hour day for a number of weeks without frequent absences; and to make simple work-related decisions. (Record at 409-11

---

[2] The form defined the term "markedly" as meaning "[a]n impairment which seriously affects the claimant's ability to function independently, appropriately, and effectively." (Record at 408.)

(labeled as Exhibit C21F).) However, Dr. Delos-Reyes had provided an earlier report dated November 1, 2004, indicating only that plaintiff had *slight*[3] restrictions for the following work-related mental activities: understanding and remembering short, simple instructions; carrying out short, simple instructions; understanding and remembering detailed instructions; carrying out detailed instructions; and making judgments on simple work-related decisions. (Record at 388 (labeled as Exhibit C18F).) With regard to plaintiff's ability to respond appropriately to supervisors, co-workers and work pressures, Dr. Delos-Reyes reported that he had only slight restrictions for the following work-related mental activities: interacting appropriately with the public; interacting appropriately with supervisor(s); interacting appropriately with co-workers; responding appropriately to work pressures in a normal work setting; and responding appropriately to changes in a routine work setting. (Record at 389 (labeled as Exhibit C18F).)

In view of the apparent differences in Dr. Delos-Reyes's two reports dated August 15, 2005, the ALJ asked him for clarification. (Record at 130.) Dr. Delos-Reyes responded in a letter dated August 31, 2005, in which he wrote:

> Report 21-F[4] is a valid indication of Mr. Rote's current status. Report 18-F[5] presents the same information in a different format. Client is unemployable.

---

[3]The form defined the term "slight" as meaning "[t]here is [sic] some mild limitations in this area, but the individual can generally function well. (Record at 388.)

[4]Evidently a reference to the exhibit in the Record labeled C21F, Dr. Delos-Reyes's February 17, 2005 report.

[5]Evidently a reference to the exhibit in the Record labeled C18F, Dr. Delos-Reyes's November 1, 2004 report.

(Record at 131.) In each of the two reports, Dr. Delos-Reyes indicated that he was relying on a "mental status/psychiatric evaluation" to support his conclusions. (Record at 388, 408.) As the ALJ correctly noted in his decision,

> [t]here are no medical reports in the file since September of 2004, from Dr. Reyes[6] to support any marked limitations as suggested in his report of February 2005. In fact, based on his latter opinion on [sic] the same examination dated August 26, 2004 [sic][7], as the prior medical assessment, which indicated only slight mental limitations. This doctor's opinion dated February 2005, contrasts sharply with the other evidence of record, which renders it less persuasive.

(Record at 20.) The ALJ noted that Aaron Satloff, M.D., a consultive doctor, who never actually examined plaintiff, "virtually copied the opinion given by Dr. Reyes [from February 2005], and gave no explanation for this change [sic]." (Record at 20.)

Plaintiff also complains that the ALJ failed to properly consider the opinion of treating psychiatrist Tariq Saleem, Esq. (Plaintiff's Brief in Support of Motion for Judgment on the Pleadings at 10.) He contends, without citing any authority, that Dr. Saleem's global assessment functioning[8] of 50 "indicates the individual is not capable of sustaining work activity." (*Id.*) The Court notes that in Dr. Saleem's July 11, 2002, report, he wrote,

---

[6] The ALJ referred to Dr. Delos-Reyes in this manner, whereas the Commissioner, in her brief, refers to him using a hyphenated name, as does plaintiff in his brief. (Brief in Support of the Commissioner's Motion for Judgment on the Pleadings at 3; Plaintiff's Brief in Support of Motion for Judgment on the Pleadings at 10.)

[7] Dr. Delos-Reyes' Psychiatric Evaluation report is dated August 25, 2004. (Record at 383-85.)

[8] "The GAF scale is a method of considering psychological, social and occupational function on a hypothetical continuum of mental health. The scale ranges from 0 to 100, with serious impairment in functioning at a score below 50, moderate difficulty in functioning at 60 or below, some functioning difficulty at 70 and below, and so forth. American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed.1994)." *Howell v. Barnhart*, No. 7:05 CV 00099, 2006 WL 337540, *3 (W.D. Va. Feb. 14, 2006).

> [p]atient stated to be on disability/Social Security Insurance and has not worked for nine years. It was very apparent to me that he probably may not be in any mood for return to work and it is difficult to assess how much depression is related to his current situation….

(Record at 283.) Dr. Saleem's Axis I diagnostic impression of "Depression, not otherwise specified," does not support plaintiff's argument. *See McNatt v. Barnhart*, No. Civ.A. 05-706-KAJ, 2006 WL 3422686, *3 (D. Del. Nov. 28, 2006) (plaintiff, whose GAF score was fifty upon discharge, found not disabled). Further, Dr. Saleem's primary concern at the July 2002 examination appears to have centered around plaintiff's drinking, which Dr. Saleem concluded, "may be an inaccurate representation of the actual consumption of alcohol." Likewise, Dr. Saleem's follow-up examination on October 28, 2002, indicated only that plaintiff was complaining of difficulties with his sex life, and does not otherwise discuss any mental limitations on his ability to work. (Record at 284.) Moreover, plaintiff was referred for psychiatric evaluation on August 25, 2004, when his GAF was estimated at 60. (Record at 310.) Furthermore, as mentioned above, by November 1, 2004, Dr. Delos-Reyes found that plaintiff had only slight limitations in work-related mental activities. (Record at 388-89.)

Plaintiff additionally complains that the ALJ chose to credit only the earlier report of Kris Kinsley, D.C., a chiropractor.[9] (Pl.'s Brief at 12.) On August 12, 2005, Dr. Kinsley reported that plaintiff had been under his care since 1998 and that he suffered from neck

---

[9] 20 C.F.R. § 404.1513, provides in relevant part: "(d) Other sources. In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to—

(1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists)…."

pain with occasional headaches, had limited range of motion with bilateral arm numbness, upper trapezius pain, and low back pain radiating down both legs. (Record at 424.) Dr. Kinsley wrote under "prognosis" that

> [t]he patient's condition runs a chronic course with acute infrequent episodes directly proportional to his activities. Acute exacerbations respond well to conservative chiropractic manipulative therapy at those times.

(Record at 425.) Dr. Kinsley's treatment notes showed that plaintiff's muscle strength was good, straight leg raising test was normal, and he had mild muscle tenderness. (Record at 431-33). However, without further discussion, Dr. Kinsley noted that, "[t]he patient is unable to work at this time." (*Id.*) In a report entitled, "Medical Source Statement of Ability to do Work-Related Activities (Physical)," dated October 1, 2004, Dr. Kinsley's conclusions fully support the ALJ's findings of plaintiff's residual functional capacity. (Record at 335-38.) The ALJ gave Dr. Kinsley's October 2004 opinion significant weight, but discounted his August 2005 opinion, stating that it was not specific and not consistent with his earlier opinion. (Record at 18.)

Plaintiff likewise complains that the ALJ rejected the opinion of treating physician Habiba Tenau, M.D. (Pl.'s Brief at 13.) Dr. Tunau prepared a "Complete Medical Report (Physical)" on November 16, 2004. (Record at 393-97.) In that report, he diagnosed plaintiff as suffering from fibromyalgia, chronic fatigue and depression and anxiety. Dr. Tunau further indicated that plaintiff could do the following: occasionally lift 15 pounds; frequently lift 10 pounds; sit at least 2 hours in an 8-hour day, but had to periodically alternate sitting and standing to relieve pain and discomfort); occasionally climb, kneel, crouch, crawl, and stoop; and never balance. An x-ray of his dorsal spine taken on October 12, 2004, revealed "[m]ild dorsal spondylosis" and "no significant abnormality." (Record at 398.)

Plaintiff also contends out that the ALJ improperly disregarded the conclusions of consultative examiners Frank Colarusso, D.O., and Aaron Satloff, M.D., whose opinion the Court has already addressed above. (Pl.'s Brief at 13.) Turning now to Dr. Colarusso, he conducted a consultative orthopedic examination of plaintiff. In a thorough report, Dr. Colarusso concluded that plaintiff suffered from cervical muscular strain with myofascial pain syndrome, and cervical herniated nucleus pulposus with radicular complaints. (Record at 237-41.) Dr. Colarusso further concluded that plaintiff could "return to prior level of functioning." (Record at 240.) In fact, the ALJ referred to this opinion of Dr. Colarusso in his decision. (Record at 17.)

After reviewing the entire record, the Court finds that the ALJ properly applied the treating physician rule in this case and that substantial evidence supports his determination that Dr. Delos-Reyes's and Dr. Satloff's opinions, that plaintiff suffers from marked mental limitations, are not entitled to controlling weight, since neither "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record…." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2004). Furthermore, the Court finds that the ALJ's assessment of the internally inconsistent opinions by Dr. Kinsley was correct and that his determinations are supported by substantial evidence in the Record, including Dr. Tuneau's and Dr. Colarusso's reports.[10]

---

[10] Even plaintiff concedes that the ALJ, "found a reason to give little weight to the majority of the Plaintiff's treating physicians." (Plaintiff's Brief in Support of Motion for Judgment on the Pleadings at 10.)

Moreover, the Court determines that the substantial evidence in the record supports the ALJ's finding that plaintiff does not suffer from a disability. The Court find the ALJ's opinion to be thorough, well researched, well reasoned, and supported by the substantial evidence contained in the record.

## CONCLUSION

For all of the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (# 9) is granted, and plaintiff's motion for judgment (# 8) is denied. The Commissioner's decision is affirmed.

It Is So Ordered.

Dated: January 30, 2007
       Rochester, New York

                    ENTER:      /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge